**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| ALLSCRIPTS HEALTHCARE, LLC, successor in interest to MISYS HEALTHCARE SYSTEMS, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> UNIVERSITY OF TOLEDO PHYSICIANS, LLC, f/k/a MEDICAL COLLEGE OF OHIO PHYSICIANS, LLC, <br><br> *Defendant*. | **Case No. 3:20-cv-1932** <br><br> **COMPLAINT** |

**NOW COMES** the plaintiff ALLSCRIPTS HEALTHCARE, LLC, successor in interest to MISYS HEALTHCARE SYSTEMS, LLC ("Plaintiff" or "Allscripts"), by and through its counsel of record, and complains of the defendants UNIVERSITY OF TOLEDO PHYSICIANS, LLC, f/k/a MEDICAL COLLEGE OF OHIO PHYSICIANS, LLC ("Defendant") as follows:

**IDENTIFICATION OF THE PARTIES**

1. Plaintiff is a North Carolina limited liability company and maintains an office and principal place of business in Raleigh, Wake County, North Carolina. Plaintiff is the successor to Misys Healthcare Systems, LLC. For the purposes of diversity jurisdiction, Allscripts is a wholly-owned subsidiary of Allscripts Healthcare Solutions, Inc., a Delaware corporation with an office and principal place of business in Chicago, Cook County, Illinois.

2. Defendant is a limited liability company formed and existing under the laws of the State of Ohio.

3. Upon information and belief, Defendant maintains its principal place of business at its registered address in Toledo, Ohio.

1

4. Defendant was originally organized, on or about March 17, 2004, as APMCO Merger, LLC.

5. On or about June 30, 2004, APMCO Merger, LLC merged with Associated Physicians of the Medical College of Ohio, Inc., which left APMCO Merger, LLC as the surviving entity.

6. On or about June 30, 2004, Medical College of Ohio Physicians, LLC merged with APMCO Merger, LLC, which left APMCO Merger, LLC as the surviving entity. However, pursuant to this merger, APMCO Merger, LLC assumed the name Medical College of Ohio Physicians, LLC.

7. On or about July 24, 2006, Medical College of Ohio Physicians, LLC registered the name "University of Toledo Physicians" with the Ohio Secretary of State.

8. On or about June 21, 2007, Medical College of Ohio Physicians, LLC amended its Articles of Organization and changed its name to University of Toledo Physicians, LLC.

9. Defendant, as the successor by merger to Medical College of Ohio Physicians, LLC, is liable for all of the obligations incurred by Medical College of Ohio Physicians, LLC. Ohio Rev. Code Ann. § 1705.39(A)(5).

## JURISDICTION AND VENUE

10. This Court has personal jurisdiction over Defendant pursuant to Rule 4(h) of the Federal Rules of Civil Procedure.

11. Subject matter jurisdiction over this dispute is conferred upon this Court pursuant to 28 U.S.C. § 1332(a).

12. Plaintiff and Defendant are citizens of different states within the meaning of 28 U.S.C. § 1332(a)(1), and are completely diverse from one another.

13. As alleged below, the amount in controversy in this matter, exclusive of interest and costs, exceeds $75,000.00.

14. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides within this judicial district.

15. Alternatively, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(3), because Defendant is subject to this Court's personal jurisdiction in this judicial district.

## FACTUAL ALLEGATIONS

16. Plaintiff incorporates by reference all preceding allegations in this Complaint as if fully set forth herein.

17. Plaintiff is in the business of providing electronic health record ("EHR") and electronic medical record ("EMR") software, support, and related services to healthcare providers throughout the United States, in addition to other related healthcare software and services, such as revenue cycle management ("RCM") software which assists healthcare providers in compiling, properly coding, submitting, and ultimately receiving payment on, claims submitted to private insurance companies and governmental entities arising from care provided to a patient.

18. Defendant entered into a Master Agreement with Plaintiff's predecessor-in-interest, Misys Healthcare Systems, LLC,[1] on or about August 3, 2006 (as amended, the "Master Agreement").

19. Pursuant to the terms of the Master Agreement, Plaintiff agreed to sell and supply, and Defendants agreed to purchase and use, certain computer hardware, software licenses, and annual maintenance for the EMR software.

---

[1] For brevity, all references to Plaintiff herein include Plaintiff and its predecessors in interest. Similarly, all references to Defendant includes its predecessors in interest as well.

20. The Master Agreement provided for annual maintenance for an initial one (1) year term, which automatically renewed for successive one (1) year terms unless terminated by either party upon at least ninety (90) days prior written notice.

21. Additionally, on or about August 1, 2006, Defendant entered into an agreement with Plaintiff pursuant to which Defendant agreed to purchase and use certain RCM software and services provided by Plaintiff (the "RCM Agreement").

22. The RCM Agreement required annual support payments from Defendant and provided for an initial one (1) year term, which automatically renewed for successive one (1) year terms unless terminated by either party upon at least ninety (90) days prior written notice.

23. Subsequently, between 2006 and 2016, Defendant entered into seven (7) additional agreements with Plaintiff for the provision of additional hardware, software, and/or maintenance/support services, each of which was referred to as a "Client Order Form" (collectively the "Client Order Forms").

24. Each of the Client Order Forms incorporated the terms and provisions of the Master Agreement, as amended, by reference.

25. Each of the Client Order Forms similarly provided for an initial one (1) year term, which automatically renewed for successive one (1) year terms unless terminated by either party upon at least ninety (90) days prior written notice.

26. Following execution of the Master Agreement, the RCM Agreement, and the Client Order Forms (collectively the "Agreements"), Plaintiff provided the hardware, software, and support services required of it under the Agreements to Defendant.

27. Defendant generally paid invoices owed under the Agreements when they came due until 2017, when it began paying invoices late or not at all.

28. The last payment Plaintiff received from Defendant under the Agreements was made on or about February 26, 2018.

29. Defendant is in default under the Agreements and remains indebted to Plaintiff in the combined amount of at least $531,362.39 (the "Delinquent Balance"). An itemized summary of the Delinquent Balance is attached hereto as **EXHIBIT A** and incorporated herein by reference.

### FIRST CLAIM FOR RELIEF
**Breach of Contract**

30. Plaintiff incorporates by reference all preceding allegations in this Complaint as if fully set forth herein.

31. Each of the Agreements formed a valid express contract between Plaintiff and Defendant.

32. Each of the Agreements was supported by valid consideration, to wit, the mutual promises of Plaintiff, to provide goods and services to Defendant under the Agreements, and of Defendant, to accept and pay for the goods and services provided by Plaintiff.

33. Plaintiff performed all of the duties imposed upon it under the Agreements.

34. Defendant failed to perform the duties imposed upon in under the Agreements and breached the Agreements by failing to pay Plaintiff for goods and services provided thereunder.

35. Plaintiff has notified Defendant of its default and breach on several occasions.

36. Plaintiff has previously made demand upon Defendant for payment of the Delinquent Balance, but Defendant has refused to pay the same to Plaintiff.

37. As a direct and proximate result of Defendant's breach of the Agreements, Plaintiff has sustained actual damages in the amount of the Delinquent Balance.

### SECOND CLAIM FOR RELIEF
*In the Alternative* – **Unjust Enrichment/*Quantum Meruit***

38. Plaintiff incorporates by reference all preceding allegations in this Complaint as if fully set forth herein.

39. In the alternative, and to the extent the Court determines that any one of the Agreements did not form a valid express contract between Plaintiff and Defendant, Plaintiff is entitled to judgment against Defendant for the fair market value of the goods and services Plaintiff provided to Defendant, to avoid Defendant's unjust enrichment.

40. Plaintiff did not provide the goods or services to Defendant under the Agreements gratuitously.

41. Rather, Plaintiff provided goods and services to Defendant under the Agreements with the expectation of payment.

42. Defendant knew, or reasonably should have known, that Plaintiff expected to be compensated for the goods and services it provided to Defendant in connection with the Agreements.

43. Defendant reaped a tangible benefit from Plaintiff's provision of goods and services and would be unjustly enriched if it were to retain the benefit of said goods and services without compensating Plaintiff for the same.

44. Plaintiff has suffered actual damages as a direct and proximate result of providing goods and services to Defendant without receiving just compensation for the same.

45. Plaintiff is therefore entitled to judgment against Defendant, as an alternative to its breach of contract claim, in the amount of the fair market value of goods and services provided to Defendant under the Agreements.

## **PRAYER FOR RELIEF**

**WHEREFORE**, and based upon the foregoing, Plaintiff respectfully prays that this Court

enter an Order providing Plaintiff with the following relief:

1. That Plaintiff have and recover judgment against Defendant in the principal amount of $531,362.39 on account of Defendant's breach of the Agreements;

2. That, in the alternative, Plaintiff have and recover judgment against Defendant for the fair market value of the goods and services Plaintiff provided to Defendant in connection with the Agreements;

3. That Plaintiff have and recover post-judgment interest on any judgment awarded to it in this civil action, pursuant to 28 U.S.C. § 1961(a); and

4. That Plaintiff have such other and further relief as this Court deems just and proper.

Respectfully submitted this, the 28th day of August, 2020.

> /s/Boyd W. Gentry
> Boyd W. Gentry (0071057)
> Law Office of Boyd W. Gentry, LLC
> 4031 Colonel Glenn Highway
> First Floor
> Beavercreek, Ohio 45431
> Tel. (937) 839-2881
> Fax (800) 839-5843
> bgentry@boydgentrylaw.com
> *Attorney for Plaintiff Allscripts Healthcare, LLC*